UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PATRICIA BELLAMY, DOUG HEFNER, ) <br> and NICOLE KENION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> ) <br> DAVID MEACHEM, SUSAN ASH, KIM ) <br> BANNISTER, LARRY KNIGHTNER, ) <br> MICHAEL WILLIAMS, CHARLENE ) <br> TAYLOR, COUNCILWOMAN ) <br> JOSEPHINE ISOM, JAKE EVANS, ) <br> WILLIAM BOOKER, GARY BELL, ) <br> RODGER BROWN, DOROTHY FLOYD, ) <br> MARY FRANCES HILL, PATRICIA ) <br> MALLET and ALICE GRAHAM; ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:11-cv-0058-JMC-TER <br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs, who are proceeding pro se, seek injunctive relief relevant to their residence within Housing Authority property in Atlantic Beach. Presently before the Court are Defendant Bannister's Motion to Dismiss (Document # 42), Defendants Booker, Evans, Graham, Isom, and Taylor's Motion to Dismiss (Document # 44), Defendants Ash, Bell, Brown, Floyd, Hill, Mallet, and Meachem's Motion to Dismiss (Document # 52), Defendants Knightner and Williams' Motion to Dismiss (Document # 66), and Defendant Knightner and Williams' Amended Motion to Dismiss (Document # 70). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), Plaintiffs were advised after the filing of each Motion to Dismiss that a failure to respond to the Motion could result in a recommendation that the Motion be granted. Plaintiffs have failed to respond to any of the Motions to Dismiss.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the present motions are dispositive, this Report and Recommendation is entered for review by the district judge.

Dismissal of Plaintiffs' claims is necessary because the relief sought by Plaintiffs is no longer available. Plaintiffs seek an injunction and/or restraining order to (1) prevent Plaintiffs' eviction from their units at the housing authority in Atlantic Beach, (2) halt further demolition of two remaining housing authority buildings, and (3) allow for inspection of the two remaining buildings. Plaintiffs do not seek any monetary damages. Defendant Michael Williams, who is employed with the U.S. Department of Housing and Urban Development, submits a Declaration in which he affirms that Plaintiffs have moved from their units at the housing authority and the two buildings that remained at the time Plaintiffs filed this action were demolished by May of 2011. Williams Declaration ¶ 3 (attached as an Exhibit to Defendant Knightner and Williams' Amended Motion to Dismiss).

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). To satisfy the constitutional case-or-controversy requirement, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Whenever an action loses its character as a present live controversy during the course of the litigation, federal courts are required to dismiss the action as moot because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." See, e.g., North Carolina v. Rice, 404 U.S. 244, 246 (1971). See also Fla. Ass'n of Rehab. Facilities,

-3-

Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.") (citing Hall v. Beals, 396 U.S. 45, 48, (1969) (per curiam)). When a case is rendered moot, the court is divested of subject matter jurisdiction to decide the questions presented in the case. Simmons v. United Mortgage and Loan Inv., LLC, 634 F.3d 754, 762 (4th Cir.2011). Rule 12(h)(3), Fed.R.Civ.P., provides that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Accordingly, because the relief requested by Plaintiffs is no longer available, their claim for injunctive relief is moot, this court lacks subject-matter jurisdiction, and dismissal is required. Therefore, it is recommended that this case be dismissed in its entirety.[1]

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 17, 2011  
Florence, South Carolina

---

[1] Dismissal is also appropriate pursuant to Rule 41(b), Fed.R.Civ.P., for Plaintiffs' failure to respond to any of the Motions filed by Defendants.